IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

NATIONAL CREDIT UNION )
ADMINISTRATION BOARD, )
 )
      Plaintiff, )
 )
v. ) Case No. 12-2631-JWL
 )
BARCLAYS CAPITAL INC.; BCAP LLC; )
and SECURITIZED ASSET BACKED )
RECEIVABLES LLC, )
 )
      Defendants. )
 )
_____)

## **MEMORANDUM AND ORDER**

This matter is presently before the Court on defendants' motion to dismiss (Doc. # 17). The Court concludes that plaintiff's claims are time-barred. Accordingly, the Court **grants** the motion, and plaintiff's complaint is hereby dismissed.

### I.    **Background**

Plaintiff National Credit Union Administration Board brings this suit as conservator and liquidating agent of two credit unions, U.S. Central Federal Credit Union ("U.S. Central") and Western Corporate Federal Credit Union ("WesCorp"). The suit relates to 12 different residential mortgage-backed securities ("RMBS" or "certificates"), each purchased by one of the credit unions. Those purchases, in amounts

ranging from $12,515,000 to $200,000,000, took place between October 15, 2006, and June 12, 2007. By the present suit, filed on September 25, 2012, plaintiff brings claims under the federal Securities Act of 1933 (all 12 certificates) and California (two certificates) and Kansas (seven certificates) statutes, based on alleged untrue statements or omissions of material facts relating to each RMBS. Defendant Barclays Capital Inc. was the underwriter or seller for the certificates, while the other two defendants issued the certificates. Defendants have moved to dismiss all claims.

Plaintiff has brought seven other similar suits, involving different certificates, in this district, which cases have been re-assigned to the undersigned judge. In one of those actions, Case No. 12-2648, by Memorandum and Order dated April 8, 2013, the Court granted in part and denied in part the motion to dismiss filed by the Credit Suisse defendants ("Credit Suisse"). *See National Credit Union Admin. Bd. v. Credit Suisse Sec. (USA) LLC*, 2013 WL 1411769 (D. Kan. Apr. 8, 2013) ("*Credit Suisse*"). In that opinion, the Court held as follows: (1) Credit Suisse did not show that the Court lacked venue over plaintiff's claims asserted on behalf of credit unions WesCorp and Southwest; (2) plaintiff's claims were not untimely as a matter of law with respect to the applicable one- and two-year discovery limitations periods; (3) the so-called Extender Statute, 12 U.S.C. § 1787(b)(14), which provides the limitations period for claims brought by plaintiff as conservator or liquidator, applies to federal and statutory claims; (4) the Extender Statute displaces both limitations periods in the otherwise-applicable federal (Section 13, 15 U.S.C. § 77m) and state statutes; (5) plaintiff's three-year

2

limitations period under the Extender Statute was triggered by plaintiff's appointment as conservator for a credit union, not by its later appointment as liquidator; (6) the Extender Statute's three-year limitations period may not be extended by a tolling agreement; (7) plaintiff's assertion of *American Pipe* tolling with respect to its federal claims based on some certificates did not fail as a matter of law at this stage; and (8) plaintiff's substantive allegations were sufficient to state plausible and cognizable claims against Credit Suisse. In some of its rulings, the Court followed the reasoning of Judge Rogers in ruling on a motion to dismiss in another of these eight similar cases (before the case was reassigned). *See id.* (citing *National Credit Union Administration Board v. RBS Securities, Inc.*, 2012 WL 3028803 (D. Kan. July 25, 2012) ("*RBS*")).

Subsequently, the Court invited the parties in the other seven similar cases to submit briefs addressing how application of the Court's rulings in *Credit Suisse* would affect the resolution of the motions to dismiss filed by the defendants in those cases. In addition, in the present case, after the Court issued its opinion in *Credit Suisse*, defendants sought leave to amend their pending motion to dismiss to include the argument, accepted by the Court in *Credit Suisse*, that plaintiff could not rely on the parties' tolling agreement to comply with the Extender Statute's limitations period. On April 29, 2013, the Court granted defendants' motion to amend the motion to dismiss, and it invited the parties in all of these cases to submit additional briefing concerning the specific issue of the enforceability of plaintiff's tolling agreements.

## II. <u>Venue</u>

Defendants in this action seek dismissal of plaintiff's claims brought on behalf of WesCorp for lack of venue, on the same basis argued by Credit Suisse in its case. The Court rejected that argument in *Credit Suisse*. In their supplemental briefing, defendants have neither challenged that ruling by the Court nor indicated that this case is distinguishable from *Credit Suisse* with respect to this issue of venue. Accordingly, for the same reasons set forth in *Credit Suisse*, the Court denies defendants' motion to dismiss certain claims for lack of venue.

## III. <u>Timeliness of Claims</u>

Defendants seek dismissal of plaintiff's claims as time-barred pursuant to the three-year limitations period imposed by the Extender Statute. The Court reaffirms here the rulings that it issued in the *Credit Suisse* case concerning the application of that statute. Accordingly, absent some form of tolling, plaintiff was required to file these claims by March 20, 2012, three years after its appointment as conservator for U.S. Central and WesCorp. Plaintiff did not initiate this action, however, until September 25, 2012. Nor may plaintiff rely on the Extender Statute's alternative reference to the applicable state-law limitations periods, as this case was filed more than five years after the purchases of these certificates.

Plaintiff has not asserted *American Pipe* tolling in this case. It has asserted tolling pursuant to an agreement executed by the parties, but the Court has, by an opinion issued

in the *Credit Suisse* case on this date, reaffirmed its ruling that plaintiff may not rely on such an agreement to avoid application of the Extender Statute's limitations period, and that ruling will also be applied in the present case. Accordingly, all of the claims asserted by plaintiff in this action are time-barred, and plaintiff's complaint is hereby dismissed in its entirety.[1]

IT IS THEREFORE ORDERED BY THE COURT THAT defendants' motion to dismiss (Doc. # 17) as amended is **granted**, and plaintiff's complaint is hereby dismissed.

IT IS SO ORDERED.

Dated this 10th day of July, 2013, in Kansas City, Kansas.

                                        s/ John W. Lungstrum
                                        John W. Lungstrum
                                        United States District Judge

---

[1] In light of this ruling, the Court need not address defendants' arguments that plaintiff's claims also were time-barred under the discovery limitations period at the time of plaintiff's appointment as conservator and that plaintiff's substantive allegations are insufficient to state a claim with respect to certain certificates.