IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| NATIONAL CREDIT UNION<br>ADMINISTRATION BOARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 11-2340-JWL |
| | ) | |
| RBS SECURITIES, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |
| —————————————————— | ) | |
| | ) | |
| NATIONAL CREDIT UNION<br>ADMINISTRATION BOARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 12-2631-JWL |
| | ) | |
| BARCLAYS CAPITAL INC.; BCAP LLC;<br>and SECURITIZED ASSET BACKED<br>RECEIVABLES LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| —————————————————— | ) | |

## <u>MEMORANDUM AND ORDER</u>

These cases presently come before the Court on plaintiff's motion in Case No. 11-
2340 for a bar order (Doc. # 697) and a joint motion in Case No. 12-2631 by plaintiff
and the Barclays defendants ("Barclays") for a bar order (Doc. # 130). For the reasons
set forth below, the Court **denies** the motions. Barclays may intervene and file a similar
motion in Case No. 11-2340, and the Court will then enter a bar order in accordance with

its rulings in this order.

In Case No. 12-2631, plaintiff asserted claims against Barclays based on various RMBS certificates. In Case No. 11-2340, plaintiff asserted similar claims against the RBS defendants ("RBS") and Fremont Mortgage Securities Corp. ("Fremont") based on various certificates, including two of the certificates at issue in the Barclays case. Plaintiff has also asserted claims based on those two certificates against the Goldman Sachs defendants ("Goldman Sachs") in the United States District Court for the Central District of California.

Plaintiff and Barclays have now reached a settlement of the claims in Case No. 12-2631, and the confidential settlement agreement requires the settling parties to seek a bar order from the Court. The requested bar order would preclude Barclays and the non-settling defendants (RBS, Fremont, and Goldman Sachs) and any other possible future defendant from asserting claims against one another for contribution or indemnity relating to any judgment or settlement of liability to plaintiff on the two certificates. The bar order would also provide for a judgment credit in favor of any non-settling defendant, in the event of an adverse judgment, in the amount of the greater of (a) the amount of the settlement with Barclays allocated to those certificates in the settlement agreement and (b) the proportionate share of Barclays's fault as determined at trial. Finally, the bar order would prohibit the disclosure of the settlement agreement's allocation of the settlement amount among claims (as set forth in a Confidential Schedule) except upon court order for good cause shown.

2

Similar motions for bar orders were filed in plaintiff's California action against Goldman Sachs and in plaintiff's action in the United States District Court for the Southern District of New York against Barclays. The claims asserted in New York were also part of plaintiff's settlement agreement with Barclays, although that action did not include claims based on the two certificates overlapping the Kansas and California actions.

In its California action, Goldman Sachs filed a response opposing the proposed bar order. Goldman Sachs is not a party in a case before this Court, however, and it did not seek to intervene in either Kansas case for purposes of objecting to this Court's entry of a bar order. Thus, the Court will not consider Goldman Sachs's objection. Moreover, because Goldman Sachs is not a party before this Court and in light of the request for a bar order in the California action, this Court will not include that party in any bar order that it issues.[1]

Although plaintiff's claims against Fremont in Case No. 11-2340 have previously been dismissed, plaintiff and Barclays include Fremont in the requested bar order. Fremont was given the opportunity to respond to the instant motions, but it has not done so. Thus, the Court deems Fremont to have consented to its inclusion in a bar order.

RBS did respond, but its objection relates only to the non-disclosure provision of the requested bar order. Accordingly, RBS has also consented to the substantive terms

---

[1]For this reason, the Court has elected not to rule on these bar order requests through a joint order issued also by the courts in California and New York.

of the bar order.  The Court concludes that entry of a bar order is appropriate, for the reasons stated in the briefs filed by plaintiff and Barclays, and therefore it will enter such an order applying to RBS and Fremont (and any other future defendant that has not been named in a similar suit by plaintiff).

RBS objects to the non-disclosure provision to the extent that it prohibits disclosure of the allocation to RBS.  RBS argues that plaintiff previously agreed to provide information on the allocation in discovery.  RBS further argues that the Court should order plaintiff to produce the information to RBS immediately and should deny the motions to the extent they seek to shield that information from discovery until some later date.

The Court overrules this objection by RBS, and it denies RBS's request for relief (which was not made by proper motion).  From the e-mails provided by RBS, it does not appear that the April 2015 discovery agreement between plaintiff and RBS was intended to apply to settlements reached after that time, as RBS's counsel consistently referred to settlements obtained by plaintiff "to date".  Thus, it would seem that plaintiff did not agree to provide information on the allocation for *this* settlement (and RBS did not agree to defer any discovery requests concerning this settlement).  Plaintiff also argues that this allocation information is not discoverable.  The Court need not decide these issues, however, as any such issues must be raised by means of a motion to compel filed in accordance with the applicable rules.  The Court notes, however, that the requested bar order provides for the disclosure of the information upon court order, which provision

4

would include any order granting a motion to compel discovery of the information.

RBS also questions the settling parties' need for confidentiality with respect to the allocation in light of plaintiff's publicizing the total amount of the settlement with Barclays. The Court appreciates, however, that the settling parties may still wish to maintain the confidentiality of the allocation, which, as plaintiff argues, could provide information concerning plaintiff's assessment of its claims based on the two certificates. The settling parties represent that their agreement provides for the confidentiality of the allocation, and the Court agrees with those parties that the bar order should maintain that confidentiality, absent a showing of good cause for the disclosure of that information. RBS has not yet made such a showing of good cause.

In their reply briefs, plaintiff and Barclays have consented to the revision of their requested bar order to allow for the disclosure of the allocation to RBS at the time of the entry of the pretrial order in RBS's case. The Court agrees that such an amendment is appropriate, and the Court's bar order will provide for disclosure to RBS upon entry of the pretrial order in Case No. 11-2340 and for disclosure otherwise upon court order for good cause shown.

As plaintiff and Barclays anticipated in a footnote to their initial briefs, however, the Tenth Circuit's ruling in *FDIC v. Geldermann, Inc.*, 975 F.2d 695 (10th Cir. 1992), presents a procedural hurdle here. In *Geldermann*, plaintiff FDIC settled claims asserted against certain defendants in two actions, but then sought a bar order in a third action against other defendants. *See id.* at 696. The Tenth Circuit held that the settling

5

defendants were the real parties in interest under Rule 17(a) in seeking a contribution bar, not the FDIC, as the potential contribution rights against the settling defendants were not the FDIC's to settle. *See id.* at 697-99. Thus, the court reversed the district court's entry of the bar order. *See id.* at 697. The court noted in a footnote that Rule 17(a) provides for the substitution of the real party in interest, although because the issue was not before it, it declined to opine on the propriety of allowing the settling defendants to intervene in the action to seek a bar order in their own names. *See id.* at 699 n.5.

Plaintiff and Barclays attempt to distinguish *Geldermann* on the basis that the proposed judgment credit protects non-settling parties from any possible prejudice. Even so, under *Geldermann*, plaintiff is not the real party in interest with respect to the request for a bar order, and Barclays (the real party in interest) is not a party to the action involving the non-settling defendants (Case No. 11-2340). Barclays indicates in its brief that it is prepared to intervene if necessary, and the Court concludes that such intervention is required for entry of the requested bar order.

Accordingly, the present motions are both denied. Barclays may, however, file a motion to intervene in Case No. 11-2340 for the limited purpose of seeking a bar order, and that motion will be granted forthwith. (Barclays should submit a proposed order granting the motion to intervene.) Barclays may then file a motion and submit a proposed bar order, which the Court will issue in accordance with its rulings in this order. The previously-proposed bar order should thus be revised to comply with the Court's rulings, as follows: (1) the bar order should refer only to the Kansas actions; (2)

the order should apply only to RBS and Fremont and any other unnamed potential defendants/tortfeasors that have not already been sued by plaintiff in other actions; and (3) the order should provide for disclosure of the Confidential Schedule to RBS upon entry of the pretrial order in Case No. 11-2340 and for disclosure otherwise upon court order for good cause shown.  The motion for bar order need not be filed also in Case No. 12-2631, as all of the relevant parties will be before the Court in Case No. 11-2340.

Finally, the Court notes that although the originally-proposed bar order was submitted to the Court by e-mail, it was not included in the filing of the motions or supporting memoranda, even though it was referred to in those memoranda as an exhibit. To keep the record complete, plaintiff and Barclays are ordered to file supplements to their original motions that include the omitted Exhibit A.

IT IS THEREFORE ORDERED BY THE COURT THAT plaintiff's motion in Case No. 11-2340 for a bar order (Doc. # 697) and the joint motion in Case No. 12-2631 by plaintiff and the Barclays defendants for a bar order (Doc. # 130) are hereby **denied.**

IT IS FURTHER ORDERED BY THE COURT THAT, upon motion, Barclays will be permitted to intervene in Case No. 11-2340 for the limited purpose of seeking a bar order, and that the Court will grant a subsequent motion by Barclays in that action for a bar order in accordance with the Court's rulings herein.

IT IS FURTHER ORDERED THAT plaintiff and Barclays shall file supplements to their original motions that include the omitted Exhibit A.

IT IS SO ORDERED.


Dated this 4th day of December, 2015, in Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge
